UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
PRESTON HOLLOW CAPITAL LLC, :
: Case No. 20-cv-5597
: (PKC)
Plaintiff, :
:
-against- :
:
NUVEEN ASSET MANAGEMENT LLC, :
and JOHN V. MILLER, :
:
:
Defendants. :
------------------------------------------------------------x

STIPULATION AND [PROPOSED] ORDER FOR THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL
AND HIGHLY CONFIDENTIAL INFORMATION

WHEREAS, the parties are engaged in litigation in the above-captioned action, during the course of which they will engage in discovery proceedings which will include, among other things, taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents; and

WHEREAS, those discovery proceedings will involve the production of certain information that the parties to the Pending Actions believe to be confidential and sensitive commercial, financial, or business information; and

WHEREAS, Preston Hollow Capital LLC and Nuveen Asset Management LLC have already conducted discovery in *Preston Hollow Capital LLC v. Nuveen LLC et al.*, C.A. No. N19C-10-107 MMJ [CCLD] (the "Delaware Superior Court Litigation") and *Preston Hollow Capital LLC v. Nuveen LLC et al.*, C.A. No. 2019-0169-SG (the "Delaware Chancery Court

Litigation") (the Delaware Superior Court Litigation and this action are referred to herein as the "Pending Actions") and the parties here agree to use the discovery from the Delaware Superior Court and Delaware Chancery Court Litigations as if they were propounded in this action and treat the discovery from the Delaware Superior Court and Delaware Chancery Court Litigations consistent with the following terms;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Rule 26(c) of the Federal Rules of Civil procedure and Rule 502(d) of the Federal Rules of Evidence, that this Stipulation and Order for the Production and Exchange of Confidential and Highly Confidential Information (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and electronically stored information and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this action.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such party in good faith believes that such Discovery Material contains nonpublic, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material"). Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Stipulation if such party in good faith reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 6 of this Stipulation is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery

2

Material").

2. The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall be made in the following manner:

A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (*e.g.*, CD- ROM, floppy disk, DVD);

B. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within five (5) business days of receipt of the final transcript of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material. All depositions and other pretrial testimony shall be treated as Highly Confidential Discovery Material until the expiration of the 5th business day after counsel receives a copy of the final transcript or other pre-trial testimony, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without

further order of the Court; and

   C. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material.

 3. The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good-faith basis for such designation.

 4. Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Highly Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential, (i) by notifying in writing the party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material or Highly Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material or Highly Confidential Discovery Material. In addition, upon receiving such supplemental written notice,

any receiving Party that disclosed the Discovery Material prior to its designation as Confidential or Highly Confidential shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material by any person not authorized to receive the Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential or Highly Confidential when originally produced, (iii) to ensure that such Discovery Material is not further disclosed by the recipient except in accordance with the terms of this Stipulation, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 10 of this Stipulation.

5. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A. The Parties and the directors, officers, members, managers and employees of the Parties, or any subsidiary or affiliate thereof who are assisting with or making decisions concerning the Pending Actions, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Pending Actions for use in accordance with this Stipulation;

B. Counsel who represent the Parties in the Pending Actions (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Pending Actions for use in accordance with this Stipulation;

      C.      Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Pending Actions;

      D.      Subject to Paragraph 9, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in the Pending Actions;

      E.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

      F.      The Court, persons employed by the Court, consultants of the Court necessary for the adjudication of the Pending Actions and court reporters transcribing any hearing, trial, or deposition in the Pending Actions or any appeal therefrom; and

      G.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

6.      Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with the Pending Actions and in accordance with this Stipulation:

      A.      Counsel who represent the Parties in the Pending Actions (including in-

house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Pending Actions for use in accordance with this Stipulation. For the purposes of the Pending Actions and Stipulation, Greg May, Esq. of Preston Hollow Capital LLC is in-house counsel permitted to receive Highly Confidential Discovery Material pursuant to this paragraph. This Stipulation, including specifically this Paragraph 6.A, shall not support, prejudice, impact or affect any determination of whether any Greg May acted as an attorney in any particular situation or whether any particular communications with Greg May are subject to the attorney-client privilege or work-product doctrine, which shall be determined by the facts related to the specific situations and communications;

      B.      Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Pending Actions;

      C.      Subject to Paragraph 9, witness or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in the Pending Actions. However, if a Party intends to share Highly Confidential Discovery Material with a witness or deponent subject to this Paragraph, that Party shall provide 48 hours' notice to the Producing Party and offer to meet and confer regarding sharing that Highly Confidential Discovery Material. If the Parties are not able to resolve an objection, the party wishing to disclose the Highly Confidential Discovery Material may seek relief from the Court. Absent the consent of Producing Party or Court Order, the Highly Confidential

Discovery Material may not be disclosed or used at the trial or deposition;

      D.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

      E.      The Court, persons employed by the Court, consultants of the Court necessary for the adjudication of the Pending Actions and court reporters transcribing any hearing, trial, or deposition in the Pending Actions or any appeal therefrom; and

      F.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

7.      To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

8.      Notwithstanding Paragraphs 5(C) and 6(B) above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Pending Actions, provided that such expert or consultant (i) is not currently an employee of, discussing employment with, or a consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or

consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with the Pending Actions; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

9.   Notwithstanding Paragraphs 5(D) and 6(C) above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation. Counsel for the Party showing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10. Discovery Material and information derived therefrom shall be used solely for purposes of the Pending Actions and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record in accordance with the terms of this Stipulation.

11. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

12. Notwithstanding any other provision, no document may be filed with the clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a Party seeking to file an opposing Party's confidential information shall so. advise the opposing Party fourteen (14) days in advance specifying the precise portion of the information the Party seeks to use, the general purpose thereof and any redactions to which the Party does not object. Within seven (7) days thereafter, the Party whose confidential information is sought to be used may

make an application to seal in accordance with this Order, indicating that the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2 Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

13. Sealing applications shall be made consistent with Section 5(B) of this Court's Individual Practices.

14. If filed under seal, the filing shall remain under seal unless otherwise ordered by the Court. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such Confidential Discovery Material or Highly Confidential Discovery Material is not Confidential or Highly Confidential and need not be preserved under seal. While any challenge to the filing of a sealed document is pending, no Party shall make use in open court of any documents that are subject to that motion to seal without the consent of the Disclosing Party or the permission of the Court.

15. During the pendency of the Pending Actions, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Stipulation. The provisions of this Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential Discovery Material, which burden remains on the party that designates such Discovery Material or testimony as Confidential or Highly

Confidential.

16. The Parties reserve the right to apply for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation.

17. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

   A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

   B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

   C. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

   D. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purported Confidential Discovery Material or Highly Confidential Discovery Material, (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Stipulation;

   E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

   F. Prejudice in any way the rights of any Party to object to the relevance,

authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

  G. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

  H. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

18. This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this action, the Delaware Superior Court Litigation, or the Delaware Chancery Court Litigation, and not otherwise subject to confidentiality restrictions.

19. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

  A. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good-faith basis for such claim of

13

inadvertent production.

      B.      If a claim of inadvertent production is made pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

      C.      A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

20.    Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work-product protection.

21.    In the event additional Parties join or are joined in the Pending Actions, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement

to be fully bound by this Stipulation.

22. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

23. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Pending Actions, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

24. In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is to be used, counsel shall confer in good faith on any procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

25. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Pending Actions, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material or Highly

Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, correspondence, pleadings, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, correspondence, pleadings, depositions and trial transcripts, and litigation files (including attorney work product and discovery materials containing Confidential Discovery Material or Highly Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

26. If any person in possession of Confidential Discovery Material or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Stipulation. The burden

of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of this Stipulation.

27. No Receiver shall reveal any Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

28. The Parties agree that the production of any Discovery Material by any non-Party

shall be subject to and governed by the terms of this Stipulation.

29. This Stipulation is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the Parties regarding this Stipulation shall be resolved by making an appropriate application to this Court in accordance with the rules thereof.

By: */s/ R. Scott Thompson*

David H. Wollmuth
R. Scott Thompson
Michael C. Ledley
Sean P. McGonigle
Charlotte D. Stewart
Nicole C. Rende
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
Fax: (212) 382-0050
Email: dwollmuth@wmd-law.com
          sthompson@wmd-law.com
          mledley@wmd-law.com
          smcgonigle@wmd-law.com
          cstewart@wmd-law.com
          nrende@wmd-law.com

*Attorneys for Preston Hollow Capital LLC*

By: */s/ Mark Rizik*

Eva W. Cole
Jeanifer Parsigian
Mark Rizik
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Phone: (212) 294-6700
Fax: (212) 294-4700
Email: ewcole@winston.com
          jparsigian@winston.com
          mrizik@winston.com

*Attorneys for Nuveen Asset Management LLC, and John V. Miller*

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York

　　12/7/2021